# Joel C. Walker and Henry Eno, plaintiffs in error *vs.* Samuel B. Ayres, administrator of Henry D. Davis, dec'd., defendant in error.

## *Error to Lee.*

Error will not lie for a misdescription of a note in the declaration, where the plaintiff has appended a true copy.

This was action of debt, on four promissory notes, for $198,75, each,

executed by Joel C. Walker, Henry Eno, and Pleasant M. Armstrong to Samuel B. Ayres, administrator of Henry D. Davis, dec'd., payable at different dates. Judgment by default was rendered against the plaintiffs in error at April term, 1841 of the Lee District Court, for the sum of $795 debt, and $166,06 damages.

O. S. X. PECK, attorney for plaintiffs in error, assigns :

1. The plaintiff in the court below, declared on four several supposed writings obligatory, each one of which purporting to be due at a time different from either of the others, and by the first count in his declaration it is alledged that the said plaintiffs in error (with one Pleasant M. Armstrong, who also was declared against,) by the first writing obligatory, described, agreed and bound themselves to pay to the said defendant, in error or bearer, the sum of one hundred and ninety-eight dollars and seventy-five cents, eighteen months after the date thereof, with interest at the rate of ten per cent per annum for value received. And in the second count in the said declaration of the said defendant in error, it is alleged that by the said second supposed writing obligatory described in said second count, the said plaintiffs in error (and said Pleassnt M. Armstrong) agreed and bound themselves to pay the said defendant in error or bearer, the sum of 198,75, with interest at ten per cent per annum, one year after the date thereof for value received.

And in the third count in the said declaration of the defendant in error, it is alleged that by the third supposed writing obligatory, described in said third count, that the said plaintiffs in error (and said Armstrong) agreed and bound themselves to pay to the said defendant in error or bearer, the sum of $198,75. with interest at ten per cent per annum, on the first day of September next ensuing the date thereof, for value received.

And in the fourth count in the said declaration of the said defendant in error, it is alleged that the said plaintiffs in error, by the fourth supposed writing obligatory (with said Armstrong) agreed and bound themselves to pay the said defendant in error or bearer, the sum of one hundred and ninety-eight dollars and seventy-five cents, with interest at the rate of ten per cent per annum, for value received.

And all of said supposed writings obligatory it is also alleged in said declaration of said defendant in error, were made on the first day of March A. D. 1839, in the county of Lee aforesaid, and signed by said plaintiffs in error, and said Armstrong, and sealed with their seals, and then and there to the court shown.

26

And the said plaintiffs in error do aver that although the said defen-dant in error may have correctly described the three supposed writings obligatory, mentioned in the first three counts of his said declaration, there is a fatal variance and manifest error in this, to wit: that in his 4th count in his declaration he has declared on a supposed writing obliga-tory, which according to the description therein given, was due on the day of the making thereof, when in truth and in fact the said supposed writing obligatory, given in evidence under said fourth count, was due two years after the date thereof, as will more fully and at large appear, by reference being had to the copies filed by the said defendant in error in his suit in said District Court.

2. For that there was no such writing obligatory as that described in the fourth count of the declaration of the said defendant in error, given in evidence in the court below, and the judgment of the court below, is for an amount greater than was due on such writings obliga-tory as were correctly described.

3. For that the sum for which judgment was rendered by the District Court for Lee county aforesaid, is larger than the amount of the said three supposed writings obligatory, mentioned and decribed in the first three counts of the said declaration, of the said defendant in error, with the stipulated interest thereon by a large amount, to wit: $240,26.

Authorities cited in support of errors assigned, 1 Chitty Pl., 334–2—2 Johns. Cases 55—1 Johns. Rep. 105—1 Chitty 338—4 Campb. 176 8 Johns. R. 253, 256—3 Cranch 193—1 Cond. 493, &c.

REEVES, for defendant, in reply:

It is not denied that a party must state in substance the legal effect of an instrument relied on; and if the contract is misdescribed, the ad-mission of it is as evidence may be objected on the ground of variance. But is the contract misdescribed? The count alleges that the defendant on a certain day, and at a certain place, made his certain writing, &c., and agreed to pay a certain sum with interest from date, at the rate of ten per cent per annum. Now, is not this the legal effect of the writing given in evidence. At the time of filing the declaration the note was due; stating the time the money was payable could have made no dif-ference in the judgment of the court. The judgment agrees perfectly with the legal effect of the instrument, and also with the count in the declaration.

As instances where a variance has been held immaterial, see 6 Taunt. 108—13 East. 410—5 Taunt. 228—1 Chitty Rep. 39—2 Starkie 29.

PER CURIAM, MASON, CHIEF JUSTICE.—The plaintiffs in error were sued below on four promissory notes, described in seperate counts. The error assigned consists in the fact that there is a misdescription of one of those notes. Correct copies of the notes were, however, given, each referring to its appropriate count.

The variance alluded to seems to be material, and the only question to be considered, is, whether that defect can be reached in this manner. A special demurrer to the declaration for this variance would have been sustained. But where a plaintiff in pursuance of the statute has appended a correct copy of the note to his declaration, ought the defendant to be permitted to suffer a default or go to trial, and afterwards reverse the whole proceedings by a writ of error for a defect by which he could not have been substantially prejudiced? We think not. Whether the copy of the note thus given is to be regarded as a part of the declaration we need not now decide. At least the defendant is fully apprized of the exact nature of the instrument on which he is sued. Judgment here will be a sufficient bar to another suit on the same note, for the note given in evidence in this case must have been substantially the same as that set forth in the copy, not that which is described in the declaration. Where there is a variance therefore between the description and the copy, the defendant has no difficulty in determining which he is to defend against; nor is there any difficulty afterwards in ascertaining the instrument upon which the judgment must have been rendered. We think it therefore inconsistent with the prompt administration of justice as well as with the general principles of pleading, to permit the defendant to raise a successful objection at this stage of the proceedings. Had he desired the copy of the note and the description in the declaration to correspond precisely, he should have demurred at the proper time.

The judgment below will therefore be affirmed.